## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                   **CIVIL NO. 99-1435 (GAG-MEL)**

**COMMONWEALTH OF PUERTO RICO,**
**et al.,**

**Defendants.**

### SECOND ORDER RE: DSPDI COVID-19 PROTOCOL

Following the Court's order last evening (Docket No. 2752), DSPDI submitted its COVID-19 Protocol at 7:55 p.m. (Docket No. 2753-1). There is simply no justification for such belated submission, given that the Court's Emergency Order (Docket No. 2744) was issued over a week ago and the coming of the Coronavirus pandemic loomed in the horizon much earlier, as evidenced by emergency declarations from the President and Governor. More so, the DSPDI Protocol, upon review, is a non-legal document that certainly could have been submitted earlier by the DSPDI Task Force and by now would likely be a non-issue. However, this has unnecessarily delayed the approval of a final and critical COVID-19 Protocol.

The JCC and United States Department of Justice will, thus, review the Protocol **by March 30, 2020.** The Court again notes that this Protocol is not a legal document. Accordingly, it is clearly not something that Commonwealth and Department of Justice counsel, as well as the JCC, can simply read and agree to. The JCC has a team of U.S. mainland health expert consultants, who will review accordingly and comment with all deliberate, yet responsible, speed if possible before March 30. Thereafter, the JCC will immediately set a conference for the parties to discuss and approve the

Civil No. 99-1435 (GAG-MEL)

final Protocol to be submitted to the Court by him. Timing here is of the essence, hence, the parties' full cooperation with the JCC is expected. Should any unexpected event or issue occur or arise the JCC will inform via motion.

Having reviewed DSPDI's motion (Docket No. 2753) as well as that of the United States Department of Justice (Docket No. 2750), the Court further addresses the following matters discussed therein:

1. Foremost, this is not the time nor place for counsel to exchange unnecessary remarks and comments as if this were a hotly contested litigation process. The Court will not permit this and expects all to collaborate. Moreover, the JCC is not a party, but rather a judicial officer who acts as the "eyes and ears" of the Court. As such, nothing but the utmost respect and observance of his court-ordered functions, as well as requirements in furtherance of the same, is required.

2. The Court's deadlines and JCC's requests for information must be timely complied with. DSPDI personnel from who the same are directed and requested must cooperate fully with the Court and JCC staff, and will not put the request on hold so that a supervisor or counsel can authorize. See Order at Docket No. 2690.

3. CTS services continue to be suspended for the 30-day period as per the Emergency Order (Docket No. 2744).

4. Restricted Home Visits may be carried out by health and clinical professionals, so long as all necessary precautions are carried out. See Order at Docket No. 2751.

5. The Court's Food/Beverage directive in the Emergency Order (Docket No. 2744) remains set as 45 days. The Court only expects that this food and beverage be canned or bottled, and likewise may consist of power bar type meals.

**Civil No. 99-1435 (GAG-MEL)**

6. The JCC and DSPDI Director (or his designee), as well as his staff, will continue to remain in contact at all necessary times with the JCC and staff.

7. The "shelter in place" directive does not strictly encompass any emergency events involving the participants' health and safety. However, any emergency matter must be immediately informed to the JCC.

8. At this time, no sanction is imposed upon the Health Department/DSPDI. However, the Court's steadfast warning in its order at Docket No. 2752 stands (*i.e.,* "forewarned is forearmed").


**SO ORDERED.**

In San Juan, Puerto Rico this 25th of March, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge